CURTIS G. BUPP *vs*. BENJAMIN R. VEASEY

LANDLORD AND TENANT—WRONGFUL DISTRESS—ACTION—STATUTE.

An action in debt, under *Rev. Code* 1915, § 4571, for double the value of property distrained and sold for rent demanded when no rent was in arrears, can be maintained only by the tenant or by a person whose property was on the demised premises at the time the distress was levied; if the property of any other person should be distrained, his remedy is at common law, and not under the statute, which is cumulative.

(*March* 28, 1917.)

Judges BOYCE and CONRAD sitting.
*Robert Adair* for plaintiff.

*Walter J. Willis* for defendant.

Superior Court, New Castle County, March Term, 1917.

ACTION OF DEBT, No. 182, September Term, 1915.

Action by Curtis G. Bupp against Benjamin R. Veasey. On special demurrer to the declaration. Demurrer sustained.

Action to recover double the value of property distrained for rent demanded when no rent was in arrear.

*Rev. Code* 1915, § 4571, provides:

"If any distress and sale be made for rent demanded when no rent is in arrear, the person, upon whose demand such distress is made, or his executors, or administrators, shall pay to the owner of the property so distrained and sold, or his executors, or administrators, double the value of said property to be recovered, with costs, in an action of debt, in which a less sum than that demanded may be recovered."

The declaration contains a single count. It is averred therein that the plaintiff was the owner and in possession of the property mentioned, in a certain dwelling house in the city of Wilmington, at the time it was taken by distress, together with a recital of the proceedings thereunder, and that rent was demanded of the plaintiff by the defendant when no rent whatever was due, and that the relation of landlord and tenant did not exist between them; and in laying damages, the statute is specifically referred to. The causes of demurrer are to the effect that the allegations contained in the declaration do not show that the plaintiff is entitled to maintain his action under the statute.

BOYCE, J., delivering the opinion of the court:

This is an action in debt for double the value of property distrained and sold for rent demanded when no rent was in arrear, contrary to *Rev. Code* 1915, §4571, which section is applicable only to property distrainable.

The action can only be maintained by the tenant, or by a person whose property is on the demised premises at the time the distress is levied. If the property of any other person should be distrained, his remedy is at common law, and not under the statute which is cumulative. The plaintiff has declared under

the statute, but he has not alleged facts necessary to bring his case within the statute.

The demurrer is sustained.